■ EILEEN HERRMANN, Appellant, v FRANCIS HERRMANN, Respondent.—Judgment unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Plaintiff contends that the trial court's distribution of marital property was inequitable. We agree. The trial court, while properly setting forth the statutory factors relevant to equitable distribution, placed undue emphasis on the fact that plaintiff will be receiving the only liquid assets available in granting defendant 64% of the marital assets. We conclude that an equal distribution of

marital assets is appropriate as this is a marriage of 35 years with six children. Further, a distributive award pursuant to Domestic Relations Law § 236 (B) (5) (e) is necessary because it is impractical to distribute defendant's business, Francis E. Herrmann, Inc., a nonliquid asset constituting a major portion of the marital assets. In order to provide for an equitable distribution of marital assets, we modify the judgment to grant plaintiff sole ownership of the shop located adjacent to the marital residence and a distributive award of $17,350 to be paid within a period of 90 days from the date of service of the order to be entered hereon. As plaintiff is of questionable health with very limited employment opportunities, we also conclude that the trial court erred in failing to direct defendant to maintain the existing medical coverage for the benefit of plaintiff. (Appeal from judgment of Supreme Court, Wyoming County, Newman, J.—divorce.) Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.