■ Ion Josan, Appellant, v Geraldine Josan, Respondent. —In an action for a divorce and ancillary relief, the plaintiff husband appeals from a judgment of the Supreme Court, Queens County (Miller, J.), dated December 23, 1985, which, *inter alia,* granted the defendant wife a divorce on her counterclaim alleging cruel and inhuman treatment and directed him to pay her a distributive award of marital property in the principal sum of $573,500.

Ordered that the judgment is modified, on the law and the facts and as a matter of discretion, by deleting the second decretal paragraph thereof directing the plaintiff to pay the defendant a distributive award in the principal sum of $573,500; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a hearing and determination of the value of the apartment building at 144-45 41st Avenue, Flushing, New York, as of September 6, 1978, and as of January 7, 1980, and a recalculation of the defendant's distributive award, which shall be based upon that proportion of the appreciation in value of the apartment building at 144-45 41st Avenue from September 6, 1978 to January 7, 1980, which was attributable to the direct or indirect efforts of the defendant.

After hearing the uncontradicted testimony of the defendant, the trial court found that the plaintiff had engaged in a course of cruel and inhuman treatment of the defendant which jeopardized her health and safety. This determination was within the province of the trial court *(see, Brady v Brady,* 64 NY2d 339), and we perceive no basis upon which to disturb it.

Similarly, the trial court properly determined that although an apartment building purchased by the plaintiff prior to the marriage constituted his separate property *(see,* Domestic Relations Law § 236 [B] [1] [d] [1]), that part of the appreciation in the value of the building which was due in part to the contribution or efforts, both direct and indirect, of the defendant constituted marital property subject to equitable distribution *(see,* Domestic Relations Law § 236 [B] [1] [d] [3]; *Price v Price,* 69 NY2d 8). However, the court erred in calculating the appreciation of the building based upon the value thereof at the time the parties began cohabitation in October 1976,

rather than at the time the parties were married in September 1978 (see, Domestic Relations Law § 236 [B] [1] [c]). Moreover, the expert witness who testified to the amount of the appreciation in value of the building failed to clarify the amount of the appreciation thereof which was due to the direct or indirect efforts of the defendant, rather than to "random market fluctuations [independent] of active management * * * by either spouse" (Price v Price, 113 AD2d 299, 307, affd 69 NY2d 8, supra). Consequently, the matter is remitted for a hearing and new determination of the amount of the wife's distributive award based upon the appreciation in value of the apartment building from September 6, 1978, when the parties were married, until January 7, 1980, when the parties separated, to the extent to which the appreciation was due to the direct or indirect efforts of the defendant.

We have examined the remaining contentions of the plaintiff and find them to be without merit. Brown, J. P., Eiber, Kunzeman and Spatt, JJ., concur.