■ ANITA KALLINS, Respondent, v IRVING KALLINS, Appellant.—In an action for divorce and ancillary relief, the defendant appeals (1) from an order of the Supreme Court, Queens County (Corrado, J.), dated October 24, 1988, which denied his motion to reopen the trial, and (2) as limited by his notice of appeal and brief, from so much of a judgment of the same court entered March 21, 1989, as (a) awarded the plaintiff necessaries in the sum of $65,000, (b) determined the value of the plaintiff's distributive share of the defendant's business to be $74,864.50, (c) awarded the plaintiff a distributive share of

his pension, and (d) awarded the plaintiff a share of certain property.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the law, by deleting the seventeenth decretal paragraph thereof; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a redetermination of the amount of the distributive award to which the plaintiff is entitled in light of our determination.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

Contrary to the defendant's contention, the record supports the trial court's determination that the appreciated value of the defendant's interest in A. Kallins, Inc., a close corporation of which he is the majority shareholder, is marital property subject to equitable distribution (see, Price v Price, 69 NY2d 8). Moreover, the trial court did not err in the manner in which it distributed that and the defendant's other business interests that were determined to be marital property (see, Miller v Miller, 128 AD2d 844, 845-846; Day v Day, 112 AD2d 972, 973).

We do, however, agree with the defendant that, under the circumstances of this case, the trial court erred in using the date of the commencement of the trial as the valuation date for the appreciated value of the defendant's interest in A. Kallins, Inc. (see, Domestic Relations Law § 236 [B] [4] [b]). The record establishes that the plaintiff's contributions to the business, which is concededly the defendant's separate property, ended when this action was commenced. Thus, the value of the appreciation of the business of which the plaintiff is entitled to an equitable share is the difference between the value of the business at the time the parties were married and its value at the time of the commencement of the action (see, Josan v Josan, 134 AD2d 486; Capasso v Capasso, 129 AD2d 267, 273, 282; see also, Price v Price, supra, at 17; Wegman v Wegman, 123 AD2d 220, 236; cf., Marcus v Marcus, 137 AD2d 131). We note that in determining the value of the appreciation of the defendant's interest in A. Kallins, Inc., as of the

time of the commencement of the action, the trial court should consider as a factor, although not a conclusive one, any restrictions on the sale of the defendant's interest in the business or on the value of that interest, including, but limited to, his potential withdrawal liability *(see, Amodio v Amodio,* 70 NY2d 5, 7; *Rosenberg v Rosenberg,* 126 AD2d 537, 539-540). Such restrictions would clearly be considered by a prospective purchaser in fashioning a reasonable offer. Of course, the speculative or contingent nature of those restrictions should also be taken into consideration. In light of our determination, evidence with regard to events which occurred subsequent to the trial and may have negatively affected the value of the business that the defendant sought to adduce by reopening the trial is irrelevant. Thus, there is no need to allow the defendant to proffer further evidence in this area *(see, Rosenstock v Rosenstock,* 139 AD2d 164, 169).

The trial court's award to the plaintiff of $65,000 in necessaries is supported by a fair interpretation of the evidence, and will, accordingly, not be disturbed. However, the record is unclear as to the discounted value of the defendant's pension benefits as of the date of the commencement of this action *(see, Tereszkiewicz v Tereszkiewicz,* 128 AD2d 605, 606; *Davis v Davis,* 128 AD2d 470, 476). Thus, on remittitur, a new determination of this value should be made.

Finally, the trial court, despite finding that the parties received a $25,000 wedding gift from the defendant's parents, apparently inadvertently failed to equitably distribute the gift. This oversight should be corrected upon remittitur.

We have considered the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Brown, Kunzeman and Miller, JJ., concur.