■ JOHN B. MEIKLE, Appellant, v LOUISE PERRET-MEIKLE, Respondent.—In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, from so much of the judgment of the Supreme Court, Westchester County (Marbach, J.), entered June 22, 1989, as, after a nonjury trial, provided for an equitable distribution of the marital assets, awarded $800 per month per child in child support for the three children of the marriage, and awarded the defendant wife counsel fees of $20,000, accountant's fees of $1,680, and appraiser's fees of $1,250.

Ordered that the judgment is modified, on the facts, (1) by deleting from the second decretal paragraph thereof the sum "$690,543.00" and the sum "$345,270.00" and substituting therefor the sum "$635,543" and the sum "$317,772", and (2) by deleting from the third decretal paragraph thereof (subparagraph b) the sum "$59,270.00" and substituting therefor, the

sum "$31,770"; as so modified, judgment affirmed insofar as appealed from, without costs or disbursements.

The parties were married in 1971. At the inception of the marriage, neither party had accumulated substantial assets or savings. All assets at issue were acquired during the marriage and constituted marital assets. During the marriage, the wife remained in the home performing homemaking services and raising the parties' three children, while the husband held salaried positions outside the home from 1971 through 1985.

From 1974 onward, the husband was involved in the real estate and contracting business to which he devoted his full time after 1985. By the time of the trial, the husband was reaping rewards from his various business enterprises in the real estate field. Although the wife was not a partner in the businesses, she had provided some initial financial support and later encouraged the husband in these endeavors. In fact, the court found that the wife's direct and indirect contributions to the husband's financial success were considerable and consequently awarded her 50% of the marital assets. The court also awarded child support of $800 per month per child, counsel fees, appraiser's fees, and accountant's fees.

On appeal, the husband argues, *inter alia,* that the court miscalculated his net worth, improperly awarded the marital residence to the wife, left him with nonliquid assets only, and made excessive awards of child support and counsel fees. We agree that his net worth was miscalculated but we disagree with his other contentions.

A review of the record indicates that the court considered all the written submissions, exhibits and trial testimony before it, and the statutory requirements of the Domestic Relations Law, in reaching a conclusion as to the husband's net worth. We approve of the court's analysis; however several miscalculations warrant modification. Pursuant to Domestic Relations Law § 234, the court properly awarded the marital residence to the wife, who was to have sole physical custody of the parties' three children *(see, Matter of Ward v Ward,* 94 AD2d 908, 909). Because a distribution of the husband's business interests would have been both burdensome and impractical, the court properly fashioned a distributive award instead *(see,* Domestic Relations Law § 236 [B] [5] [e]; *McDicken v McDicken,* 109 AD2d 734, 735; *see also, Herrmann v Herrmann,* 132 AD2d 972, 973). The award consisted of one-half the net worth less the value of the marital residence. The calculations employed by the court ascribed a value to the

residence that was $42,500 less than the value included in computing the husband's net worth. In addition, the court mistakenly valued the husband's Green Acres partnership interest at $37,500 when the most that the record supports is a value of $25,000. After taking into account the $12,500 difference between $37,500 and $25,000, and the overvaluation of the residence, the net worth of the husband must be reduced by $55,000, to $635,543 and the wife's one-half net distributive award, after distribution to her of the marital residence, must be reduced to $31,770 (rounded). The judgment is modified accordingly.

The child support award was not excessive. The court properly considered the applicable law at the time, the factors in Domestic Relations Law § 236 (B) (7), the voluntary level of support provided by the husband during the two years before trial, as well as his salary range, and the wife's statement of the children's monthly expenses, before reaching an independent determination of the appropriate amount of child support to be contributed by the noncustodial spouse. Further, we find that under the circumstances of this case, the court did not improvidently exercise its discretion in awarding the wife counsel fees, accountant's fees, and appraiser's fees. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.