■ THOMAS G. PANASCI, Appellant, v CYNTHIA A. PANASCI, Respondent.—Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: The trial court erred in denying plaintiff's repeated requests to set valuation dates for the marital assets. Domestic Relations Law § 236 (B) (4) (b) provides: "As soon as practicable after a matrimonial action has been commenced, the court shall set the date or dates the parties shall use for the valuation of each asset." The failure to set valuation dates contributed to the court's inability to reconcile the expert testimony or to determine the value of the two businesses. In directing the sale of the two businesses

and the marital residence, the court failed to consider "the economic desirability of retaining such asset[s] * * * intact and free from any claim or interference by the other party" (Domestic Relations Law § 236 [B] [5] [d] [9]). Therefore, we modify the judgment by striking the fifth, sixth, seventh and eighth decretal paragraphs and remit the matter for a proper valuation and disposition of the marital assets.

Nothing in the record supports departure from the general rule that the value of the marital residence should be fixed as of the time of trial (see, Hutchings v Hutchings, 155 AD2d 971) and that the value of the businesses should be set as of the time the action was commenced (see, Kallins v Kallins, 170 AD2d 436; Greenwald v Greenwald, 164 AD2d 706, lv denied 78 NY2d 855). We also note that, if the court finds it impractical or burdensome to distribute the marital assets, it shall make a distributive award (see, Domestic Relations Law § 236 [B] [5] [e]; Meikle v Perret-Meikle, 176 AD2d 257; Herrmann v Herrmann, 132 AD2d 972).

We reject plaintiff's contention that he is entitled to credit for payments made on the mortgages on the marital residence and the businesses after commencement of the action. In paying the mortgages with funds derived from the businesses, plaintiff simply reduced marital debts by reducing marital assets. Plaintiff may not "evade equitable distribution by merely changing the form of assets after an action is commenced" (Scheinkman, Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C236B:8, at 222; see also, Greenwald v Greenwald, supra, at 714-715).

Supreme Court did not abuse its discretion in awarding counsel fees to defendant (see, Domestic Relations Law § 237 [a]; DeCabrera v Cabrera-Rosete, 70 NY2d 879; Sclafani v Sclafani, 178 AD2d 830). (Appeal from Judgment of Supreme Court, Chautauqua County, Cass, Jr., J.—Equitable Distribution and Support.) Present—Callahan, J. P., Green, Pine, Boehm and Davis, JJ.