■ BEVERLY D. McGOVERN, as Administratrix of the Estate of STANLEY GETZ, Deceased, Respondent, v MONICA GETZ, Appellant. [598 NYS2d 9] —In a matrimonial action in which the parties were divorced by judgment dated October 6, 1987, the defendant former wife appeals from (1) an order of the Supreme Court, Westchester County (Colabella, J.), entered September 27, 1988, which directed the sale of jointly-owned marital real property, (2) an order of the same court, entered January 12, 1990, which, *inter alia,* granted the plaintiff former husband's motion directing the Sheriff of Westchester County to execute sale and closing documents for the former marital property and denied the defendant's cross motion to

set aside the jury verdict and the judgment of divorce dated October 6, 1987, and to reopen the issue of maintenance, (3) an order of the same court, entered March 11, 1992, which, *inter alia,* granted the plaintiff's motion for direction as to the sale and marketing of the marital property, and denied the defendant's cross motion for modification of a judgment of the same court, entered March 10, 1989, and to vacate the provision thereof directing the sale of the marital property, and further denied the defendant's separate motion pursuant to CPLR 5015 (a) (2) for vacatur of the judgment of divorce dated October 6, 1987, the judgment entered March 10, 1989, and the order entered September 27, 1988, respectively, and (4) an order of the same court, entered October 9, 1992, which denied the defendant's motions for modification and/or vacatur of the judgment of divorce entered October 6, 1987, and for vacatur of the judgment entered March 10, 1989, on various grounds, including newly-discovered evidence and fraud *(see,* CPLR 5015 [a] [2], [3]), and granted the plaintiff's cross motion for sanctions.

Ordered that the appeal from the order entered September 27, 1988, is dismissed; and it is further,

Ordered that the order dated January 12, 1990, and the orders entered March 11, 1992, and October 9, 1992, respectively, are affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order entered September 27, 1988, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment entered March 10, 1989, which disposed of the financial issues in the divorce action *(see, Matter of Aho,* 39 NY2d 241, 248).

This much-litigated matrimonial action was commenced in 1981 and has survived the death of the plaintiff former husband, the well-known jazz musician Stanley Getz. The administratrix of his estate has been substituted as the plaintiff. The question raised by the plaintiff upon these appeals can be distilled to two basic inquiries: (1) whether the court erred in directing the sale of the marital residence approximately one year after the judgment of divorce dated October 6, 1987, was granted, but before all the financial issues were disposed of in the judgment entered March 10, 1989, and (2) whether the court should have vacated the judgment of divorce dated October 6, 1987, on various grounds, including newly-discovered evidence and fraud by the former husband.

The defendant former wife claims that the direction to sell the marital residence by order entered September 27, 1988, was improper because that order was merely interlocutory and not a final disposition of the parties' marital property. However, the judgment entered March 10, 1989, which was a final judgment on all of the financial issues of the marriage, superseded that order *(see, Matter of Aho, supra)*. In particular, the March 10, 1989, judgment equitably distributed the marital property, including the most important assets of the marital residence, and the royalties for musical works produced by the former husband during the 25-year marriage. Under the circumstances of this case, the court's equal division of these assets between the parties was fair. The judgment also dismissed the defendant's defense of recrimination to the adultery cause of action for divorce.

The defendant former wife took an appeal from the judgment entered March 10, 1989, but limited the issues raised to the dismissal of the recrimination defense. That appeal was dismissed by the decision and order on motion of this Court dated December 7, 1989. Since the superseding March 10, 1989, judgment also resolved the parties' financial issues, the former wife should have raised all financial issues, including those related to the sale of marital residence, in her appeal from that judgment. Because she failed to do so, and there is no reason to reinstate her appeal from that judgment now, she is foreclosed from raising the financial issues now.

The defendant former wife also claims that the court should have vacated the judgment of divorce dated October 6, 1987, on the grounds, *inter alia,* of newly-discovered evidence and fraud and misrepresentation of the former husband *(see,* CPLR 5015 [a] [2], [3]). These claims are without merit. The defendant was aware of the so-called newly-discovered evidence allegedly concealed from her before the divorce judgment was issued. Thompson, J. P., Eiber, Ritter and Joy, JJ., concur.