■ JEFFERY E. JENNESS, Respondent, v CATHERINE S. JENNESS, Appellant. [611 NYS2d 696] —Crew III, J. Appeal from that part of a judgment of the Supreme Court (Duskas, J.) ordering equitable distribution of the parties' marital property, entered February 1, 1993 in St. Lawrence County, upon a decision of the court.

The parties began cohabiting in September 1984 in a residence owned by plaintiff located in the Town of Edwards, St. Lawrence County. Plaintiff thereafter contracted to purchase in his name alone property located in the Town of De Kalb, St. Lawrence County, which consisted of a residence, a barn and approximately 109 acres of land. The parties, together with plaintiff's two children from a previous marriage, moved into the house in September 1987. A few days later, before the purchase of the property had been consummated, the house and the parties' personal belongings were destroyed by fire. Plaintiff received $24,485 and $8,900 from two separate insurance policies for the personal property destroyed in the fire, and the proceeds received included amounts for personal property belonging to defendant.

Plaintiff thereafter elected to purchase the property and the parties took out a mortgage to finance the construction of a new residence; only plaintiff's name appeared on the deed to the property, which was recorded in March 1988. The parties then were married on July 1, 1989, but problems soon devel-

---

oped and plaintiff commenced this action for divorce in March 1991. Defendant withdrew her answer and a trial was held on equitable distribution issues. Supreme Court, *inter alia,* granted plaintiff a divorce and awarded defendant $9,870 and certain items of personal property. Defendant appeals from that portion of Supreme Court's judgment ordering equitable distribution.

Initially, we reject defendant's assertion that Supreme Court erred in calculating her share in the appreciation of the property.[1] As the property in question was purchased by plaintiff prior to marriage, Supreme Court properly found that it remained separate property *(see,* Domestic Relations Law § 236 [B] [1] [d]). To the extent that the property appreciated in value due to defendant's direct or indirect contributions, however, Supreme Court treated the appreciation as marital property and awarded defendant a one-half share *(see generally, Josan v Josan,* 134 AD2d 486; *see also,* Domestic Relations Law § 236 [B] [1] [d] [3]). We see no reason to disturb Supreme Court's determination in this regard.

We reach a different conclusion, however, regarding defendant's entitlement to certain proceeds from the first of two insurance policies covering certain personal property lost in the fire. Initially, it is apparent from Supreme Court's decision that although it intended to credit defendant with the value of two guns, it erred in its calculations and only credited defendant with the value of one gun. Defendant, therefore, is entitled to an additional $182, representing the value of the second gun. Additionally, defendant is entitled to a credit for item Nos. 23 through 30 on page 8 of plaintiff's exhibit No. 6, the personal property inventory. There does not appear to be any dispute that these items belonged to defendant and, hence, defendant is entitled to an additional $483.

As to defendant's assertion that she is entitled to a credit for certain pieces of furniture (item Nos. 6 through 8 on page 5 of plaintiff's exhibit No. 6 and item Nos. 23 through 28 on page 7 of plaintiff's exhibit No. 6), the record before us fails to establish with any degree of certainty when or by whom these items were acquired. Although Supreme Court apparently credited plaintiff's testimony that the items in question were his, a careful review of that testimony reveals that plaintiff

---

1. Although Supreme Court's decision makes reference to the equity in the property, it is clear from reading the decision as a whole that Supreme Court intended to and did in fact allocate defendant a share in the appreciation of the value of the property.

was uncertain as to the origin of some of these items. Under the circumstances, we deem it appropriate to remit this matter to Supreme Court for further and more precise testimony on this issue.[2]

We reach a similar conclusion regarding defendant's contention that she is entitled to a portion of the proceeds from the second insurance policy. Because Supreme Court did not make any findings regarding defendant's entitlement to any of the proceeds from this policy, and because it is not at all clear from the record exactly what this policy was intended to cover, this matter must be remitted for further proceedings in this regard.

Mikoll, J. P., White, Casey and Peters, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by awarding defendant an additional $665; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

---

2. We note that with respect to item Nos. 6 through 8 on page 5 of the property inventory, Supreme Court found that these items "were only four years old at the time of the fire in Fall 1988 and, therefore, could not have been purchased before 1984, the year the parties started living together". The record indicates, however, that the fire occurred in September 1987, which would suggest that the items in question could have been acquired as early as some time in 1983. In view of Supreme Court's apparent confusion regarding the date of the fire, it indeed appears appropriate to remit this matter for further proceedings.