■ SHEILA M. LIPPMAN, Appellant, v JOEL N. LIPPMAN, Respondent. [612 NYS2d 532] —Order unanimously affirmed with costs. Memorandum: Plaintiff's fourth cause of action was properly dismissed on the ground of res judicata. The doctrine of res judicata, or claim preclusion, dictates that "[a] judgment in one action is conclusive in a later one not only as to any matters actually litigated therein, but also as to any that might have been so litigated, when the two causes of action have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first" *(Schuykill Fuel Corp. v Nieberg Realty Corp.,* 250 NY 304, 306-307). Plaintiff's fourth cause of action, which asserts that the 1975 separation agreement is not controlling because it was modified by a 1982 oral agreement, has a sufficient measure of identity with the position taken by plaintiff in defense of the earlier divorce action, in which she denied the existence and validity of the 1975 agreement on the ground that it had been abandoned by the parties. Moreover, to allow plaintiff to pursue her new allegation would destroy or impair rights and interests established by the judgment of divorce, which determined that the 1975 separation agreement was valid and enforceable and expressly incorporated the terms of the separation agreement with respect to the issues of support and property distribution. Plaintiff's present action is thus an impermissible collateral attack on the terms and validity of the 1992 judgment of divorce.

Whether the 1975 agreement was superseded by an oral agreement in 1982 could have been litigated in the divorce action. (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Dismiss Complaint.) Present—Denman, P. J., Fallon, Wesley, Doerr and Boehm, JJ.