■ SHEILA F. ENRIGHT, Formerly Known as SHEILA F. VASILE, Respondent, v CARMINE F. VASILE, Appellant. [614 NYS2d 909] —In a matrimonial action in which the parties were divorced by judgment dated September 6, 1990, the defendant former husband appeals from an order of the Supreme Court, Suffolk County (Oshrin, J.), dated November 16, 1992, which denied his cross motion to modify the judgment of divorce and vacate the stipulation of settlement pursuant to CPLR 5015 (a) (2), and (3), and granted, in part, the plaintiff former wife's motion for summary judgment in her favor and against the defendant in the principal sum of $15,462.31.

Ordered that the order is affirmed, with costs.

Contrary to the defendant former husband's contention, we find that the Supreme Court properly denied his cross motion to vacate the stipulation of settlement and awarded the plaintiff former wife judgment in the principal sum of $15,462.31.

It is well settled that absent a showing that a stipulation of settlement was the product of fraud, overreaching, mistake, or duress, it will not be disturbed by the court *(see, Hallock v State of New York,* 64 NY2d 224; *Ruxton v Ruxton,* 181 AD2d 876; *Bossom v Bossom,* 141 AD2d 794; *Schieck v Schieck,* 138 AD2d 691). Because the record clearly indicates that the defendant, at the time he entered into the stipulation of settlement, was aware of the so-called "newly-discovered evidence" which he alleged was concealed from him, his motion was properly denied *(see, e.g., McGovern v Getz,* 193 AD2d 655).

Because there is no material question as to the validity of the stipulation of settlement, which obligated each party, *inter alia,* to pay his or her own legal fees, and the defendant has no defense to the plaintiff's action to recover for moneys paid in satisfying a lien of the defendant's attorney on the marital residence, the Supreme Court properly awarded judgment in favor of the plaintiff.

While we decline the plaintiff's entreaties to impose sanctions against the defendant for bringing an allegedly frivolous appeal, we take this opportunity to admonish the defendant to refrain from future motions or appeals undertaken to harass or disturb the plaintiff. As noted, the defendant's fraud contention is clearly meritless and borders on being frivolous. Moreover, he has repeatedly demonstrated his litigiousness before the trial court. Prudence suggests careful consideration before he again resorts to further judicial intervention. Rosenblatt, J. P., Miller, Lawrence and Florio, JJ., concur.