■ Barbara A. Elmore, Appellant, v Carl L. Elmore, Respondent. [617 NYS2d 966] —Casey, J. Appeals (1) from a judgment of the Supreme Court (Viscardi, J.), ordering equitable distribution of the parties' marital property, entered February 11, 1993 in Warren County, upon a decision of the court, and (2) from an order of said court, entered May 12, 1993 in Warren County, which denied plaintiff's motion to vacate the judgment.

In Supreme Court's decision, which resolved various factual issues in dispute between the parties concerning their marital assets, plaintiff's attorney was directed to prepare and submit a judgment on notice. Near the end of the 60-day period for submitting the judgment *(see,* 22 NYCRR 202.48), the office of plaintiff's counsel apparently was destroyed by fire and defendant submitted a proposed judgment on notice, which the court ultimately signed. Plaintiff thereafter moved to vacate the judgment, claiming that the procedure was irregular, that the judgment contained errors and omissions, and that there was newly discovered evidence. Implicit in Supreme Court's denial of the motion is its conclusion that the judgment

correctly reflected its decision and, therefore, any defect in the procedure was a mere irregularity *(see,* CPLR 2001). The claimed errors and omissions have been raised in plaintiff's appeal from the judgment and will be considered. As to the newly discovered evidence, plaintiff was aware of the evidence in time to move for a new trial *(see,* CPLR 4404, 4405) and, therefore, relief pursuant to CPLR 5015 (a) (2) is not available *(see, McGovern v Getz,* 193 AD2d 655, 657, *lv dismissed* 82 NY2d 741).

Supreme Court found that during the relevant period of time defendant had withdrawn marital assets and received income from other marital assets totaling $125,520.08. Plaintiff claims that certain other amounts should have been included, but our review of the record provides no basis to disturb the finding, with one exception. Based upon defendant's testimony, Supreme Court found that defendant had used the proceeds of the sale of Union Carbide stock to purchase stock in Whitman Corporation, which was accounted for in the foregoing amount. The relevant tax returns, however, reveal that the Whitman stock was actually purchased prior to the Union Carbide stock. Accordingly, the amount of the withdrawals and income set forth above must be increased by the $9,361 net proceeds of sale of the Union Carbide stock.

In determining the portion of the withdrawals and income to be assessed against defendant, Supreme Court gave defendant credit for the amount of those funds he expended for maintenance of marital real property, including mortgage payments. Citing *Panasci v Panasci* (187 AD2d 928), plaintiff contends that Supreme Court erred. In the *Panasci* case, the plaintiff sought credit for payments made on mortgages on marital real property but the Court rejected the claim, explaining that "[i]n paying the mortgages with funds derived from the businesses, plaintiff simply reduced marital debts by reducing marital assets" *(supra,* at 929). Here, too, defendant reduced marital debts by reducing marital assets, but he did not seek a credit for having done so. Instead, defendant sought only to avoid being charged for having reduced marital assets, and we conclude that Supreme Court did not err in holding that defendant should not be charged for withdrawals and income used to pay for marital debts.

As to the amount of the expenses claimed by defendant, we conclude that there is insufficient evidence in the record with respect to certain of the expenses. In particular, we find no evidence in the record to support the claim of $5,276 in expenses on the Florida property in 1992. We also find insuffi-

cient evidence in the record to enable us to confirm the $1,332 expense claim for the Glens Falls property in 1989. We reach the same conclusion as to the $6,158 expense claim for the Glens Falls property in 1991, particularly in view of evidence in the record that defendant stopped paying the mortgage as early as March of that year. We see no reason to disturb any of the other expense findings. Accordingly, the amount of the expenses allowed to defendant should be reduced by $12,766 which, when added to our earlier modification of the amount of withdrawals and income chargeable to defendant, results in an additional amount of $22,127 payable by defendant to plaintiff.

Next, plaintiff contends that Supreme Court erred in awarding her maintenance of $425 per week. Supreme Court weighed all of the relevant evidence, found some of plaintiff's expense claims "highly suspect" and noted that she had substantial assets as a result of the equitable distribution of marital property. Our review of the record provides no basis to disturb the award, and we reach the same conclusion as to the award of counsel fees.

We reject plaintiff's claim that Supreme Court erred in failing to include in the judgment of divorce specific provisions concerning defendant's pension and deferred compensation benefits. The parties entered into stipulations concerning the division of defendant's pension, retirement and deferred compensation benefits, including an agreement that Supreme Court was to enter a qualified domestic relations order subsequent to the judgment of divorce. The judgment incorporates each of the stipulations and agreements, which establish plaintiff's rights and which can be enforced if defendant is not in compliance.

The judgment should be modified only to the extent that it should reflect our findings with respect to the amount of the withdrawals and income chargeable to defendant and the amount of the expenses allowed as an offset to defendant.

Mercure, J. P., Crew III, White and Peters, JJ., concur. Ordered that the judgment and order are modified, on the law and the facts, without costs, by increasing the amount contained in the fourth decretal paragraph of the judgment from $4,309.06 to $26,436.06, and, as so modified, affirmed.