■ PEPI S. SUMMER, Now Known as PEPI S. SCHAFLER, Appellant, v DONALD L. SUMMER, Respondent. [649 NYS2d 615] —Order and judgment unanimously reversed on the law without costs and motion denied. Memorandum: Supreme Court erred in granting defendant's motion (1) to vacate a prior order requiring defendant to pay plaintiff temporary maintenance on the grounds that it was procured by the fraudulent concealment of a family trust that plaintiff had covertly created; (2) to award defendant a judgment against plaintiff; (3) to direct entry of said judgment; and (4) to award defendant counsel fees and disbursements in connection with the motion. The temporary support order was superseded by the judgment of divorce and it expressly terminated upon the entry of that judgment (*see, McGovern v Getz*, 193 AD2d 655, 656, *lv dismissed* 82 NY2d 741; *Catalano v Catalano*, 158 AD2d 570, 571, *mot to amend decision and order granted* 176 AD2d 278). Moreover, although CPLR 5015 (a) (3) permits the vacatur of a final judgment on grounds of fraud or misconduct by a party, that statute does not apply where the moving party had knowledge of the fraud or misconduct before entry of the final judgment (*see, McGovern v Getz, supra*, at 657; *see also, Elmore v Elmore*, 208 AD2d 1134, 1134-1135).

In the present case, defendant acknowledges that he knew of plaintiff's concealment of the family trust before the commencement of the trial in the underlying matrimonial action. Additionally, the judgment of divorce reflects that the family trust was determined to be marital property subject to equitable distribution. Thus, defendant's present motion constitutes an "impermissible collateral attack" on the judgment of divorce (*Lippman v Lippman*, 204 AD2d 1057), and defendant is not entitled to the vacatur of the final judgment of divorce. (Appeal from Order and Judgment of Supreme Court, Erie County, Francis, J.—Vacate Order.) Present—Lawton, J. P., Fallon, Callahan, Balio and Davis, JJ.