■ Johann M. Varieur, Respondent, v R. Joseph Varieur, Sr., Appellant. [661 NYS2d 155] —Order unanimously modified on

the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff commenced this action seeking a divorce on the grounds of constructive abandonment and cruel and inhuman treatment and immediately moved for pendente lite relief. Supreme Court denied defendant's cross motion to dismiss the complaint on res judicata grounds (see, CPLR 3211 [a] [5]) and subsequent motion to strike plaintiff's trial note of issue.

The doctrine of res judicata bars the relitigation of the cause of action for constructive abandonment as well as the cause of action for cruel and inhuman treatment to the extent that they are based on allegations that were or could have been litigated in the previous action (see, Boronow v Boronow, 71 NY2d 284; Israel v Wood Dolson Co., 1 NY2d 116, 118; Lippman v Lippman, 204 AD2d 1057). The allegations in subparagraphs (B) through (F) of paragraph 6 of the complaint are identical to allegations asserted by plaintiff in a previous counterclaim for divorce on the ground of cruel and inhuman treatment that was dismissed on the merits. Further, the allegation contained in subparagraph 6 (A) of the complaint, a portion of the facts alleged in subparagraph 6 (H), and the cause of action for constructive abandonment involve facts that were known to plaintiff at the time of her previous counterclaim and, thus, could have been asserted in that counterclaim. Further, as plaintiff concedes, Supreme Court erred in denying defendant's motion to strike the trial note of issue and in granting, sua sponte, a trial preference. The trial note of issue was filed before issue was joined and before defendant had the opportunity to conduct discovery.

Thus, we modify the order by granting defendant's motion to strike the trial note of issue and by granting defendant's cross motion to dismiss the cause of action for constructive abandonment (subpara 6 [I]), the cause of action for cruel and inhuman treatment insofar as it is based upon factual allegations that were or could have been litigated in the previous action (subparas 6 [A]-[F]) and that portion of subparagraph 6 (H) that is based on conduct known to plaintiff at the time of her prior counterclaim. (Appeal from Order of Supreme Court, Oneida County, Tenney, J.—Divorce.) Present—Green, J. P., Lawton, Doerr, Balio and Fallon, JJ.