■ JOYCE SGAMBATI, Appellant, v JAMES SGAMBATI, Respondent. [748 NYS2d 872] —In an action to set aside a stipulation of settlement, on the grounds of, among others, fraud and duress, the plaintiff former wife appeals from an order of the Supreme Court, Nassau County (Woodard, J.), dated July 2, 2001, which, inter alia, granted that branch of the defendant former husband's motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contention, the evidentiary submissions of the defendant on his motion for summary judgment established his entitlement to judgment as a matter of law. The plaintiff did not oppose that prima facie showing with evidence tending to establish the presence of a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557, 562). As a general rule, a stipulation of settlement made in open court by parties who are represented by counsel will be enforced according to its terms unless there is proof of fraud, duress, overreaching, or unconscionability (*see Shapira v Shapira,* 283 AD2d 477, 478; *see also Hallock v State of New York,* 64 NY2d 224; *Kourakos v Kourakos,* 245 AD2d 342; *Enright v Vasile,* 205 AD2d 732, 733). Here, the record established that at the time the stipulation was executed, and during the negotiations leading up to it, the plaintiff was represented by counsel, who drafted the stipulation. The plaintiff voluntarily and knowingly entered into the stipulation in open court, and indicated that she was satisfied with the stipulation and her counsel's representation, and that her judgment was not impaired. Therefore, the Supreme Court properly granted the defendant's motion to dismiss the complaint.

The plaintiff's remaining contention is academic in light of the above determination. Santucci, J.P., O'Brien, McGinity and Townes, JJ., concur.