■ MARCIA L. FRALEY, Respondent, v RAYMOND E. FRALEY, Appellant. [652 NYS2d 888] —Casey, J. Appeal from a judgment of the Supreme Court (Rose, J.) ordering, *inter alia*, equitable distribution of the parties' marital property, entered February 26, 1996 in Tioga County, upon a decision of the court.

The only issue on this appeal from the judgment entered in the parties' divorce action is whether Supreme Court erred in awarding plaintiff durational maintenance in the amount of $100 per week for seven years. Defendant contends that the court failed to "specifically enumerate" its consideration of the statutory factors (*see,* Domestic Relations Law § 236 [B] [6] [a]) and that the award was an abuse of discretion. We find no merit in either argument.

It is well settled that the trial court need not " 'parrot the words of the statute verbatim' " (*Chasin v Chasin,* 182 AD2d 862, 864, quoting *Monette v Monette,* 177 AD2d 802, 803). There is sufficient compliance with the statute when the court makes reference to the factors it did consider and states the reasons for its decision (*see, Chasin v Chasin, supra,* at 864). Although Supreme Court did not specifically cite to the statutory factors, the court's factual findings reveal that the court did consider relevant statutory factors and the legislative concerns reflected by those factors (*see, Sperling v Sperling,* 165 AD2d 338, 343-344). Supreme Court specifically considered the parties' stipulations which resolved many issues, including the distribution of much of the marital property (*see,* Domestic Relations Law § 236 [B] [6] [a] [1]). The court referred to the parties' incomes (*see, id.*) and earning capacity (*see,* Domestic Relations Law

§ 236 [B] [6] [a] [3]), the age of the parties and when they were married (*see*, Domestic Relations Law § 236 [B] [6] [a] [2]), and the presence of the parties' two children in plaintiff's home (*see*, Domestic Relations Law § 236 [B] [6] [a] [6]). In making the award of maintenance, the court specifically referred to the parties' standard of living during the marriage (*see*, Domestic Relations Law § 236 [B] [6] [a]), plaintiff's contributions to the career of defendant (*see*, Domestic Relations Law § 236 [B] [6] [a] [8]) and plaintiff's imminent loss of some child support because one of the parties' children who resided with her was about to turn 21 (*see*, Domestic Relations Law § 236 [B] [6] [a] [6], [11]).

Turning to the abuse of discretion claim, defendant first takes issue with Supreme Court's conclusion that plaintiff contributed to the enhancement of defendant's career. During the marriage defendant, who had previously obtained an Associate's degree and was employed as a draftsman, attended college full time and earned a degree in mechanical engineering. His employer paid the tuition and continued to pay defendant two thirds of his salary. During the marriage, plaintiff worked as an X-ray technician. Defendant contends that plaintiff did not contribute to his career enhancement because he paid approximately one half the marital expenses while he attended school. Nevertheless, there can be little doubt that the loss of one third of defendant's income while he attended school had a financial impact on his family and that the family was able to cope with that impact because of plaintiff's income. In short, plaintiff's contributions to the parties' economic partnership created by their marriage enabled defendant to take advantage of the career-enhancing opportunity offered by his employer.

Defendant also makes the specious claim that Supreme Court erred in finding that the degree in mechanical engineering enhanced defendant's career. Defendant testified that he took advantage of the educational opportunity "so that I could be promoted into a higher level of employment", and his salary doubled in the five years after he earned the degree. We have considered defendant's remaining arguments and reject them. We also note that Supreme Court took into account the award of maintenance in concluding that plaintiff would be responsible for the payment of the mortgage and taxes on the marital residence and for the payment of the financing on the car she was to retain pursuant to the parties' stipulation. The maintenance award was also a factor in the court's decision not to award plaintiff counsel fees. The record as a whole discloses no abuse of discretion in Supreme Court's award of durational maintenance to plaintiff.

Mercure, J. P., White, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed, with costs.