■ Barbara A. Maczek, Respondent-Appellant, v Frank S. Maczek, Appellant-Respondent. [669 NYS2d 749] —Spain, J. Cross appeals from a judgment of the Supreme Court (Harris, J.) ordering, *inter alia*, equitable distribution of the parties' marital property, entered September 13, 1996 in Albany County.

Plaintiff and defendant were married in July 1966. At the time of the marriage, defendant had been employed by New York State for approximately 15 years. In August 1966, the parties purchased a house for $24,700 with funds which were defendant's separate property. The parties had three children during the course of their marriage and plaintiff did not work outside the home until 1987 when she accepted a typist position. Plaintiff commenced this action for divorce in April 1988.

At that time the parties held a joint account at the State Employees Federal Credit Union (hereinafter SEFCU) with a balance of $50,732.28; after the commencement of this action, defendant withdrew $50,232.28 from this account. At the trial defendant testified that he spent $19,500 on a new car, $20,000 for real estate taxes on the marital residence, $2,700 for a new roof for the marital residence, $1,000 for painting the interior of the house, $1,500 for hearing aid and tests, $500 for carpentry work, and $3,000 to $3,500 for their daughter's wedding; he also testified that $2,500 was stolen in a burglary. The parties also held a joint account at National Savings Bank (hereinafter NSB) with an approximate balance of $20,000 at the time the divorce action was commenced, of which defendant withdrew $19,500 and deposited it into his own account.

Plaintiff vacated the marital residence in March 1989. Defendant's physician testified at the trial that defendant suffered from numerous health problems which led to his retirement in 1989. In May 1991 Supreme Court (Keniry, J.) ordered defendant to pay plaintiff temporary maintenance in the amount of $200 per week. Defendant's annual income, at the time of trial, consisted of $35,000 from his pension with the State Retirement System and $12,000 from disability income; plaintiff's annual income from her employment as a typist with the State was $22,255. At the conclusion of the trial Supreme Court (Harris, J.), *inter alia*, (1) granted plaintiff a divorce, (2) terminated plaintiff's temporary maintenance order, (3) ordered that the jointly held stocks, bank accounts and marital residence be equally split and that plaintiff be reimbursed for one half of the withdrawals by defendant used to purchase his car and hearing aid ($21,000), (4) ordered that plaintiff receive one half of the value of defendant's deferred compensation plan, (5) ordered that plaintiff be awarded the possessions she requested from the family residence, with defendant receiving a credit of $8,000 for said possessions, (6) ordered that plaintiff receive an interest in defendant's retirement benefits pursuant to the *Majauskas* formula (*see, Majauskas v Majauskas*, 61 NY2d 481), and (7) ordered that defendant was not entitled to a credit for his initial contribution to the purchase of the marital residence. Both defendant and plaintiff have appealed.

Initially, we agree with defendant that Supreme Court erred in not crediting him for his separate contribution to the purchase of the marital residence. As stated in Domestic Relations Law § 236 (B) (1) (d) (1), separate property includes "property acquired before marriage". A party "is entitled to a return of the total contribution he [or she] made toward the purchase

of the marital residence from his [or her] separate property" (*Mink v Mink*, 163 AD2d 748, 749; *see, Ramsey v Ramsey*, 226 AD2d 989, 990; *Zurner v Zurner*, 213 AD2d 906, 907, *lv denied* 87 NY2d 802; *Glazer v Glazer*, 190 AD2d 951, 952). Here, it is undisputed that defendant used money acquired before the marriage to pay for the marital residence. Accordingly, we conclude that defendant was entitled to a credit of $24,700 in determining the amount needed to buy plaintiff out of her share of the marital residence. We do, however, reject defendant's contention that Supreme Court erred in awarding plaintiff one half of his deferred compensation plan benefits and in not considering the tax consequences of such an award. Under the facts of this case, specifically the income disparity between the parties, we conclude that Supreme Court did not err in awarding plaintiff both pension benefits and deferred compensation benefits.

Turning to plaintiff's contentions on her appeal, we agree that Supreme Court erred in giving defendant an $8,000 credit for the few small pieces of property awarded to plaintiff. As stated in Domestic Relations Law § 236 (B) (1) (d) (1), separate property includes "property acquired by * * * gift from a party other than the spouse". As is evident from the record, the Hummel nativity set, although a gift received during marriage, was a gift solely to plaintiff, not a joint gift to both of the parties. In our view, the value of the remaining requested possessions awarded to plaintiff is sentimental, at best, and did not warrant an $8,000 credit. Next, we reject plaintiff's contention that she is entitled to at least 50% of the moneys that defendant unilaterally withdrew from SEFCU above the $21,000 credited by Supreme Court. The record reveals that defendant was able to set forth, by competent proof, that the SEFCU moneys exceeding $21,000 were expended for legitimate marital purposes or otherwise accounted for (i.e., taxes, maintenance of the house and expenses for their daughter's wedding) (*see, Harbour v Harbour*, 227 AD2d 882). However, we do agree with plaintiff that she is entitled to 50% of the moneys defendant unilaterally withdrew from the NSB account. In our view, defendant was unable to prove, by competent evidence, that the moneys withdrawn from NSB were used for legitimate household expenses. Therefore, we conclude that plaintiff is entitled to 50% of the $19,500 that defendant withdrew from the NSB account.

Finally, although we find merit in plaintiff's contention that Supreme Court erred by failing to identify the statutory factors it relied upon when making its determination on plaintiff's

request for continued maintenance, we find no reason to disturb the result. Based upon the full trial record brought before this Court, we have the inherent authority to make the necessary findings in this case and the matter need not be remitted (*see,* *DeMarco v DeMarco*, 235 AD2d 1014; *see also, Grenier v Grenier*, 210 AD2d 557, 558). Here, the record reveals that plaintiff, at the time of trial, was earning $22,255 and defendant had a total annual income of $47,000. However, as a result of the distribution of the parties' retirement funds the parties' postjudgment income levels are almost identical. In our view, based upon plaintiff's potential earning capacity and defendant's retirement (*see,* Domestic Relations Law § 236 [B] [6] [a] [3]), the age of the parties (*see,* Domestic Relations Law § 236 [B] [6] [a] [2]) and the parties' standard of living during the marriage (*see,* Domestic Relations Law § 236 [B] [6] [a]), Supreme Court's determination need not be disturbed.

Cardona, P. J., White, Peters and Carpinello, JJ., concur. Ordered that the judgment is modified, on the facts, without costs, by reversing so much thereof as (1) denied credit to defendant for his separate property contribution to the purchase of the marital residence, (2) denied plaintiff credit for 50% of the money defendant withdrew from the National Savings Bank account, and (3) determined the value of personal items awarded to plaintiff, and, as so modified, affirmed.