■ WILLIAM P. LaBARRE, Respondent, v JACQUELINE L. LaBARRE, Appellant. [674 NYS2d 235] —Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court's valuation of the marital business in this action for divorce was proper. While generally a business is valued as of the date of the commencement of the action (*see, Panasci v Panasci*, 187 AD2d 928, 929), the business lost a major client at that time (*see, Siegel v Siegel*, 132 AD2d 247, 250-251, *appeal dismissed* 71 NY2d 1021, *lv denied* 74 NY2d 602; *Wegman v Wegman*, 123 AD2d 220, 234-237). The court's use of January 1, 1996 as the valuation date was appropriate and fair under the circumstances (*see, Gonzalez v Gonzalez*, 240 AD2d 630; Domestic Relations Law § 236 [B] [4] [b]). Defendant, as the party seeking an interest in the business, had the burden of establishing its value (*see, Antoian v Antoian*, 215 AD2d 421, 422). There was no proof of a different value or that the court's valuation was unreasonable (*see, Harmon v Harmon*, 173 AD2d 98, 107).

In the absence of proof of the value of the parties' personal property, the court did not err in refusing to order its equitable distribution (*see, Moller v Moller*, 188 AD2d 807, 808). Nor did the court err in failing to order the equitable distribution of the cash surrender value of plaintiff's life insurance policy. "Although it appears that some of the premiums were paid during the marriage, the evidence on this issue was not clear and de-

fendant failed to submit sufficient evidence to allow the court to make a determination as to the percentage, if any, of this policy which should be treated as marital property" (*Turner v Turner*, 145 AD2d 752, 753).

Defendant argues that she is entitled to a credit of $10,340 for one half of the credit card and line of credit debt incurred during a period of separation prior to the divorce. The record supports the conclusion that plaintiff consented to the separation, which was precipitated by a job transfer and was not in anticipation of divorce. Because the money was spent on normal living expenses during that period and not on the purely personal pursuits of defendant, defendant is entitled to that credit (*see, Feldman v Feldman*, 204 AD2d 268, 270).

Defendant also argues that she is entitled to a credit for a 1994 tax refund that was seized by the Internal Revenue Service to satisfy an outstanding 1992 tax liability of the business. Because the tax liability was incurred during the course of the marriage, it constitutes a marital debt (*see, Lekutanaj v Lekutanaj*, 234 AD2d 429). Because the tax refund was for the 1994 taxable year and the divorce action was commenced in March 1994, approximately 75% of the refund (or $2,284.50) was the separate property of defendant. Thus, defendant is entitled to a credit of $1,142.25, representing her portion of the seized tax return that was used to satisfy the marital debt.

We agree with defendant that the court improperly credited plaintiff for one half of the taxes paid on the marital residence since March 1995 and on other jointly owned real estate since March 1994. Plaintiff's testimony in this regard was vague and without documentary support (*see, Fabricius v Fabricius*, 199 AD2d 695, 697; *Cusumano v Cusumano*, 199 AD2d 562), and there was no proof that the source of the funds was nonmarital (*see, Panasci v Panasci*, 187 AD2d 928, 929, *supra*).

Furthermore, we agree with defendant that, by continuing a temporary child support order until she petitions for a modification, the court abdicated its responsibility pursuant to Domestic Relations Law § 240.

Thus, we modify the judgment by (1) deleting from the 10th decretal paragraph the words: "and one-half of the property taxes paid by the Plaintiff from February of 1995 and the Defendant shall also pay to the Plaintiff from her share of the proceeds of the sale of the marital residence one-half of the property taxes paid on the Hornby property from the date of the commencement of the action"; (2) vacating the 12th and 14th decretal paragraphs; and (3) substituting in place of the 14th decretal paragraph the following: "defendant shall be

entitled to reimbursement in the amount of $1,142.25 for a tax refund seized to pay for a tax deficit for plaintiff's business in 1992 and reimbursement in the amount of $10,340 for one half of the credit card and line of credit debt paid by defendant". We remit the matter to Supreme Court to award support and make the appropriate findings in accordance with the Child Support Standards Act and, if necessary, take further testimony (*see, Matter of Dower v Niewiadowski*, 233 AD2d 847, 849). In addition, the court must provide for the payment of the future reasonable health care expenses of the parties' children (*see*, Domestic Relations Law § 240 [1-b] [c] [5]). (Appeal from Judgment of Supreme Court, Steuben County, Scudder, J.—Equitable Distribution.) Present—Denman, P. J., Lawton, Wisner, Balio and Boehm, JJ.