■ GENEVIEVE J. BUTLER, Appellant, v F. JAMES BUTLER, Respondent. [683 NYS2d 603] —Graffeo, J. Appeal from a judg-

---

ment of the Supreme Court (Canfield, J.) ordering, *inter alia*, equitable distribution of the parties' marital property, entered January 29, 1998 in Rensselaer County, upon a decision of the court.

The parties were married in June 1974 and have no children, although plaintiff has two adult children from a previous marriage. During the marriage, plaintiff and defendant acquired several parcels of real property, primarily located in Rensselaer County. In May 1993, plaintiff filed for divorce alleging abandonment. At the conclusion of the trial, Supreme Court granted a divorce to plaintiff and awarded equitable distribution of the marital property. Plaintiff appeals, claiming that Supreme Court's distribution was not equitable and that temporary maintenance was improperly terminated.

It is axiomatic that the factors enumerated in Domestic Relations Law § 236 (B) (5) (d) should be considered in the court's equitable distribution of marital property (*see, Avramis v Avramis*, 245 AD2d 585; *Vail-Beserini v Beserini*, 237 AD2d 658). However, the statutory factors do not have to be specifically cited where it is evident that the relevant factors were taken into consideration by the court and the reasons for its decision are articulated (*see, Fraley v Fraley*, 235 AD2d 997; *Chasin v Chasin*, 182 AD2d 862; *Sperling v Sperling*, 165 AD2d 338). We reject plaintiff's contention that Supreme Court merely adopted defendant's proposed findings of fact without due consideration of the factors set forth in Domestic Relations Law § 236 (B) (5) (d).

Our review of the record reveals that plaintiff failed to provide corroborating evidence supporting certain claims and since her credibility could be questioned due to particular inconsistencies, Supreme Court was within its discretion to discount unsubstantiated claims of plaintiff (*see, Wilcox v Wilcox*, 233 AD2d 565; *Parrish v Parrish*, 213 AD2d 928; *Monette v Monette*, 177 AD2d 802). Supreme Court did, in fact, adequately set forth the basis for its distribution and made reference to the multitude of factors considered, including the respective incomes and expenses of the parties, future financial circumstances of each party, earning capacities of the parties, the medical condition of the parties and the disparities in income in its formulation of its equitable distribution award. The fact that the court did not cite every factor and address each self-serving claim of the parties is not dispositive (*see, Fraley v Fraley, supra*).

With respect to the various properties owned by the parties, a review of the record leads us to conclude that there was a

sufficient evidentiary basis to support Supreme Court's determinations regarding distributive awards. As to the marital residence, the parties stipulated that the value of the realty located at 21 New Jersey Avenue in the City of Rensselaer, Rensselaer County, was $87,250 and the property was properly deemed a marital asset despite title in plaintiff's name. Plaintiff cites as error Supreme Court's failure to credit her with an $11,000 contribution at the time the property was purchased in 1975. Since the assessment of the credibility of witnesses and the quality of proof is best made by the trial court (*see, Monette v Monette, supra,* at 802), we find no reason in the record to disturb Supreme Court's determination to distribute one half of the stipulated value of the marital residence (i.e., $43,625) to defendant, especially in the absence of substantiation of plaintiff's claim. Supreme Court did not abuse its discretion in considering defendant's improvements to the residence and the practice of the parties wherein assets were placed in plaintiff's name to protect their holdings from potential losses due to defendant's business activities.

Plaintiff claims that Supreme Court erroneously established the date for valuation of certain assets. Although marital property is generally valued at the time the action is commenced (*see, Zurner v Zurner,* 213 AD2d 906, *lv denied* 87 NY2d 802), valuation at the time of trial is justified where valuation on the date of the action would be inequitable (*see, Lord v Lord,* 124 AD2d 930; *see also, Zurner v Zurner, supra; Patelunas v Patelunas,* 139 AD2d 883). Here, defendant filed for bankruptcy in 1994, prior to the date of trial but after commencement of the divorce action. Valuation of defendant's business at the time the action was commenced (i.e., May 1993) would have resulted in inaccurate income, revenue and asset valuations since prior to trial defendant was compelled to sell all of the business assets in July 1995 at auction pursuant to the bankruptcy proceeding. There is no evidence in the record that the bankruptcy was an attempt by defendant to avoid the financial consequences of the divorce and, in fact, defendant accumulated $30,000 in credit card debt from 1992 until 1994 in his efforts to keep the business afloat. In addition, the proceeds from the sale of the assets of defendant's business were used to satisfy debts incurred by the business. Based on the testimony presented and the credibility determinations best left to the determination of the trial court, we find no error in the valuation dates established by Supreme Court.

In view of the foregoing, Supreme Court did not abuse its discretion in valuing the other real estate acquired by the par-

ties and properly calculated distributive awards after reviewing the improvements made by the parties, the existence of encumbrances, the proceeds realized from sales and any dissipation of the proceeds by the parties. However, we concur with plaintiff that an adjustment is necessary regarding the value of her personalty removed by defendant when a trailer was moved from the parties' Schroon Lake property to the marital residence. After a hearing, Supreme Court (Spain, J.) issued an order on November 9, 1994 finding defendant in contempt of a prior court order which directed the parties to preserve and maintain their assets. Based on Supreme Court's finding, we find plaintiff's testimony claiming a $3,000 property loss to be uncontroverted and, therefore, defendant's distributive award of $11,000 in connection with the parties' Schroon Lake camp shall be reduced to an $8,000 distributive award.

We reject plaintiff's contention that Supreme Court erred in its distribution of the parties' liquid assets. Although plaintiff contended that a $90,000 account belonged to her children, plaintiff offered no documentary evidence or testimony of third parties in support of her claim that these funds were bequeathed to her children by her first husband and that her children requested that she retain the moneys. Based on the evidence presented, Supreme Court had an insufficient basis to deny defendant his equitable share of $45,000. With respect to the dissipation of other accounts, plaintiff's claims are conclusory and rely on the credibility of the parties, and in such circumstances we shall afford the trial court great deference (*see, Vail-Beserini v Beserini, supra* at 661). We therefore find no reason to disturb Supreme Court's determinations regarding these assets (*see, Parrish v Parrish*, 213 AD2d 928, *supra*; *Michalek v Michalek*, 114 AD2d 655, *lv denied* 69 NY2d 602).

Plaintiff further asserts that Supreme Court improperly discontinued her court-ordered temporary maintenance of $100 per week. Although Supreme Court failed to enumerate the relevant statutory factors it considered in reaching its decision, in the exercise of our inherent authority to make the necessary findings based on a review of the full record, we decline to depart from Supreme Court's conclusion (*see, Maczek v Maczek*, 248 AD2d 835; *DeMarco v DeMarco*, 235 AD2d 1014). At the time of the commencement of the action, the parties had been married for 18 years. In 1984 plaintiff retired from her employment with New York State and at the time she commenced the divorce action she was 63 years of age, was receiving pension income of $714 per month and a Social Security al-

lowance of $442 per month, totaling $1,156 per month. Plaintiff had conveyed title to the former marital residence to her son prior to trial but continued to reside at the premises. In contrast, after his bankruptcy, defendant obtained employment at a gasoline service station earning $132 a week at the time of trial. Both parties testified to their respective medical conditions which limited their earning capacities. In light of the foregoing relevant factors concerning earning capacity (*see*, Domestic Relations Law § 236 [B] [6] [a] [3]) and reduced earning capacity due to health conditions (*see*, Domestic Relations Law § 236 [B] [6] [a] [2]), Supreme Court did not abuse its discretion in denying plaintiff a maintenance award.

We next consider Supreme Court's award to defendant of a qualified domestic relations order for 25% of plaintiff's pension income (apparently reduced to 21% by the court) based on plaintiff's 121 months of former employment with New York State during the term of the marriage. While pension benefits earned during the course of marriage constitute marital property (*see*, *Olivo v Olivo*, 82 NY2d 202; *Majauskas v Majauskas*, 61 NY2d 481), the distribution of the asset is subject to equitable considerations (*see*, *Munson v Munson*, 250 AD2d 1004). Based on considerations of fairness and the respective situations of the parties, we reverse Supreme Court's award of a qualified domestic relations order as part of defendant's distributive award. The proof at trial demonstrated that defendant was 16 years younger than plaintiff (he was 47 years old at time of trial) and, despite his bankruptcy, the loss of his electrical contracting business and his health problems, defendant was employed and has the capacity for future earnings. In contrast, plaintiff has been retired since 1984 and was not awarded maintenance. When viewed in the full context of the parties' respective financial and employment positions, their ages and health, and the total distributive award granted defendant, we conclude that the equities compel that plaintiff's pension benefits remain her property for distributive purposes.

Finally, we find merit in several of plaintiff's claims regarding the parties' personalty. Supreme Court accepted defendant's valuation of $75,000 regarding the parties' household furnishings and possessions, which was not based on an independent appraisal but rather was a value listed by the parties on a prior loan application. This assessment is highly suspect in light of the parties' incomes and standard of living. Although a list of personalty at the marital residence, apparently prepared by an appraiser for plaintiff, was introduced in evidence by stipulation, there were no values indicated for the items listed.

Due to the failure of proof by both parties and in the absence of an independent appraisal as to the value of the household furnishings and personalty, we assign no value to the personalty. Therefore, we negate defendant's distributive award of $37,500 for personalty and award the furnishings and personalty at the marital residence to plaintiff, balancing the equities of the parties' situations and defendant's total distributive award. Furthermore, the proof at trial showed that plaintiff sold a 1986 Lincoln Continental automobile in 1992 for $7,500 and defendant sold a 1988 Ford Bronco vehicle prior to trial. Supreme Court did not reference the sale of the Bronco in its findings and since both parties sold a vehicle and retained the proceeds, we modify defendant's distributive award to the extent of deducting $3,750 which represents one half of the proceeds of the sale of the Lincoln automobile.

We have reviewed plaintiff's remaining contentions and find them to be without merit.

Mikoll, J. P., Crew III and Yesawich Jr., concur. Ordered that the judgment is modified, on the facts, without costs, by reversing so much thereof as (1) valued defendant's interest in the Schroon Lake property at $11,000, (2) awarded defendant a qualified domestic relations order in plaintiff's pension benefits from New York State, (3) awarded defendant $37,500 as his share of the parties' household furnishings and personalty at the former marital residence, and (4) awarded defendant $3,750 as his share of the proceeds of the sale of the 1986 Lincoln Continental automobile; defendant's interest in the Schroon Lake property is reduced to $8,000 and plaintiff is to receive all of her pension benefits from New York State, all of the household furnishings and personalty from the former marital residence, and all of the proceeds from the sale of the Lincoln automobile; and, as so modified, affirmed.