■ GAIL J. NIELSON, Respondent, v PAUL NIELSON, Appellant. [686 NYS2d 894] —Carpinello, J. Appeal from a judgment of the Supreme Court (Williams, J.), entered December 4, 1997 in Saratoga County, which, *inter alia*, directed defendant to pay spousal maintenance.

The parties were married in 1965 and have five emancipated children. They separated in 1988 when defendant moved out of the marital residence. Plaintiff commenced an action for divorce in 1995, citing as grounds defendant's cruel and inhuman treatment and constructive abandonment. Although she later withdrew her divorce cause of action, a trial ensued before

Supreme Court to resolve such issues as equitable distribution and maintenance, resulting in the instant judgment wherein, *inter alia*, defendant's cross claim for a judgment of divorce was denied and plaintiff was awarded permanent spousal maintenance in the amount of $600 biweekly. Defendant appeals, contending that Supreme Court abused its discretion by making this award to plaintiff without either listing the reasons for the award or articulating its consideration of the factors set forth in Domestic Relations Law § 236 (B) (6) (a).

We find that Supreme Court appropriately exercised its broad discretion in fixing the amount and duration of spousal maintenance (*see, Orlando v Orlando*, 222 AD2d 906, 908, *lv dismissed and lv denied* 87 NY2d 1052; *Donnelly v Donnelly*, 144 AD2d 797, 798, *appeal dismissed* 73 NY2d 992). A review of the record discloses that the parties have been married for well over 30 years, during which time plaintiff devoted herself to raising the parties' five children and to maintaining the family residence, thus enabling defendant to focus the majority of his time and energy on pursuing his career. While plaintiff appears to have the potential to generate a modest income, the evidence adduced before Supreme Court established defendant's considerably higher income and earning potential. Under the circumstances presented here, the record supports Supreme Court's award of spousal maintenance and its judgment will not be disturbed.

Defendant's claim that Supreme Court failed to consider each of the factors set forth in Domestic Relations Law § 236 (B) (6) (a) prior to awarding spousal maintenance is also rejected. Supreme Court complied with the general requirement to provide a reasoned analysis for its decision to award plaintiff spousal maintenance, including a discussion of the factors upon which it relied (*see, Reina v Reina*, 153 AD2d 775, 776). The court was not required, however, to articulate on the record its analysis of each of the factors enumerated in Domestic Relations Law § 236 (B) (6) (a) and then to apply its interpretation thereof to the specific circumstances presented by this matter (*see, O'Brien v O'Brien*, 66 NY2d 576, 589).

Mercure, J. P., Peters, Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed, with costs.