■ JANICE A. ALLEN, Appellant-Respondent, v ROBERT O. ALLEN, Respondent-Appellant. [693 NYS2d 708] —Cardona, P. J. Cross appeals from a judgment of the Supreme Court (Rose, J.), ordering, *inter alia*, equitable distribution of the parties' marital property, entered October 23, 1997 in Broome County, upon a decision of the court.

Plaintiff and defendant were married in 1983. In March 1995, plaintiff commenced this divorce action seeking, *inter alia*, equitable distribution of the parties' marital property. Following a nonjury trial, Supreme Court, *inter alia*, granted plaintiff a divorce, distributed the marital property and ordered defendant to pay plaintiff $125 per week in maintenance for six years commencing October 1, 1997. Plaintiff appeals from that part of Supreme Court's judgment ordering equitable distribution and defendant cross-appeals from that part of the judgment awarding plaintiff maintenance.

Initially, in ordering equitable distribution, Supreme Court awarded plaintiff one half of the sum of $11,400 representing the increase in value during the course of the parties' marriage of defendant's solely owned business. Plaintiff contends that Supreme Court erred in adopting the calculations contained in the report of Ralph Sparaco, defendant's certified public accountant, regarding appreciation which included a reduction in the fair market value of the business for inflation. We note that while appreciation in value of separate property due to market forces is not subject to equitable distribution, a non-titled spouse is entitled to share in an increase in value which resulted from his or her own efforts (*see*, *Pauk v Pauk*, 232 AD2d 386, 391, *lv dismissed* 89 NY2d 982; *Hoadley v Hoadley*, 212 AD2d 1036; *see also*, Domestic Relations Law § 236 [B] [1] [d] [3]). The burden, however, is on the spouse claiming an

interest to come forward with evidence establishing value (*see, LaBarre v LaBarre*, 251 AD2d 1008; *Daisernia v Daisernia*, 188 AD2d 944, 946). Significantly, plaintiff stipulated to the introduction of Sparaco's report into evidence and, more importantly, did not offer any proof at trial concerning the increase in value of defendant's business nor object to the inflation adjustment used by Sparaco in his calculations. In view of this, plaintiff may not now challenge the figures contained in the report as inaccurate (*see, Phelps v Phelps*, 199 AD2d 608, 609; *see also, LaBarre v LaBarre, supra*, at 1008).

Plaintiff further contends that Supreme Court erred in ruling that certain brokerage accounts, trust accounts, stock, IRAs and mutual funds listed by defendant on his statement of net worth were his separate property. Specifically, plaintiff asserts that defendant failed to rebut the presumption that property acquired during a marriage is marital property (*see, Cerretani v Cerretani*, 221 AD2d 814, 815). We disagree. It is well settled that property acquired by one spouse as a gift or by inheritance during a marriage and retained separately is not marital property (*see, Strang v Strang*, 222 AD2d 975, 976-977). Defendant's statement of net worth represented that defendant acquired the subject assets from his father and grandfather. His testimony at trial was consistent with those representations and revealed that the assets were retained in his own name. Plaintiff did not offer contradictory evidence. Therefore, we cannot say that it was error for Supreme Court to hold that these assets were defendant's separate property (*see, Sclafani v Sclafani*, 178 AD2d 830, 831-832).

Defendant argues that Supreme Court abused its discretion in awarding plaintiff maintenance in the amount of $125 per week for six years. Domestic Relations Law § 236 (B) (6) (a) sets forth specific factors the court must consider in determining the amount and duration of a maintenance award. Domestic Relations Law § 236 (B) (6) (b) further provides that "[i]n any decision made pursuant to this subdivision, the court shall set forth the factors it considered and the reasons for its decision and such may not be waived by either party or counsel." In its decision, although Supreme Court referred to some of the statutory factors, it did not adequately set forth its reasons for the maintenance award. Rather than remit the case to Supreme Court, we exercise our factual review power and, based upon the record before us, find no reason to change the maintenance award (*see, Butler v Butler*, 256 AD2d 1041, 1044-1045, *lv denied* 93 NY2d 805; *Maczek v Maczek*, 248 AD2d 835, 837-838; *Hapeman v Hapeman*, 229 AD2d 807, 811).

This 12-year childless marriage is a second marriage for both parties. At the time of trial, plaintiff was 53 years of age and defendant was 54 years of age. Defendant completed high school and attained a post secondary Associate's degree in business, while plaintiff did not complete high school and is working toward obtaining a high school equivalency diploma. Both parties are bus drivers. Plaintiff earned $18,485 in 1996 while defendant earned $24,869. Defendant, however, also derives income from a solely owned business which, on average, generates additional income of approximately $22,000 per year. On the other hand, the evidence indicates that plaintiff's career opportunities and future earning capacity are presently much more limited.

While they lived together, defendant paid the carrying charges on the marital residence and plaintiff paid for food and clothing. Although the parties lived modestly, it is obvious that the loss of defendant's income will directly impact plaintiff's ability to be self-supporting at a level approaching her predivorce standard of living (see, Domestic Relations Law § 236 [B] [6] [a]; Hartog v Hartog, 85 NY2d 36, 51). Considering the parties' potential earning capacities (see, Domestic Relations Law § 236 [B] [6] [a] [3]), their age (see, Domestic Relations Law § 236 [B] [6] [a] [2]), their standard of living during the marriage (see, Domestic Relations Law § 236 [B] [6] [a]) and "the favorable tax consequences of an award of maintenance" (Campinell v Campinell, 220 AD2d 940; see, Domestic Relations Law § 236 [B] [6] [a] [7]), we conclude that plaintiff is entitled to the maintenance awarded by Supreme Court (see, e.g., Butler v Butler, supra, at 1045; Maczek v Maczek, supra, at 838).

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.