■ DONALD R. PRATT, Appellant, v SUSEANN M. PRATT, Respondent. [723 NYS2d 734] —Peters, J. Appeal from a judgment of the Supreme Court (Monserrate, J.) ordering, *inter alia*, equitable distribution of the parties' marital property, entered November 12, 1999 in Broome County, upon a decision of the court.

Plaintiff and defendant were married in 1991. Throughout the course of their marriage, plaintiff was employed as a general mechanic at SUNY Binghamton earning $29,757 annually while defendant remained unemployed due to a work-related injury. On January 13, 1994, however, defendant received a $9,169 lump-sum arrearage disability payment which was deposited into the parties' joint checking account. Receiving

monthly Social Security disability checks in the amount of $551 thereafter, the parties made a $7,000 down payment on a mobile home costing $15,750 which then became their marital residence.

In July 1995, plaintiff, without notice to defendant, moved out of the marital residence and independently chose to take various items of personal property with him. After plaintiff's departure, defendant paid all monthly installments on the trailer, the lot rent, all utilities and repairs. Plaintiff also left behind a 1988 Oldsmobile, titled in his name, which was regularly used by defendant as her sole means of transportation. She borrowed $500 to have it repaired.

On April 3, 1997, plaintiff commenced this divorce action seeking, *inter alia*, equitable distribution of the marital property. With the grounds of the divorce agreed upon, the trial on August 24, 1999 solely addressed the issues of equitable distribution and maintenance. Plaintiff, age 52 at trial, conceded that he was a member of a union and had a pension, 35% of which had been awarded to his former wife pursuant to a 1990 divorce judgment. He elaborated upon his unilateral vacatur of the marital residence, his health status and the loss of benefits to defendant once divorced. He further disclosed his purchase of a home at auction and his plan for its renovation. Defendant was 59 years old at the time of trial, with a seventh grade education. She testified that her income consisted of monthly disability checks and a $100 weekly interim maintenance award issued by the Broome County Family Court.* She described her poor medical condition, loss of insurance and wholesale reliance upon Medicare. She further testified about amounts that she paid toward the maintenance of the marital residence since the separation, the marital property still remaining and the existence of a pension which inures to plaintiff, yet failed to offer any evidence to establish its value.

By judgment dated October 27, 1999, Supreme Court granted a divorce and, as part of its equitable distribution award, ordered title to the 1988 Oldsmobile, the mobile home and 15% of the marital portion of plaintiff's pension to defendant. It further awarded defendant maintenance in the amount of $150 per week until she attains 65 years of age and thus becomes eligible for full Social Security benefits. Plaintiff appeals upon limited issues.

Equitable distribution of marital property is not synonymous

---

* A copy of such judgment is not included in this record, yet the amount appears to be undisputed.

with an equal distribution thereof, only a fair distribution in accordance with the factors enumerated in Domestic Relations Law § 236 (B) (5) (d) (*see, Stricos v Stricos*, 263 AD2d 659, 660; *Carlson-Subik v Subik*, 257 AD2d 859, 862). As a determination left to the trier of fact, it will not be disturbed on appeal absent an abuse of discretion (*see, Teabout v Teabout*, 269 AD2d 719, 720; *Stricos v Stricos, supra*, at 660; *Munson v Munson*, 250 AD2d 1004). Here, in making its distributive award, Supreme Court considered the substantial disparity in the parties' future earning capacities, the duration of the marriage and their markedly differing health status (*see*, Domestic Relations Law § 236 [B] [5] [d]). With the reasons underlying the determination fully articulated, we can find no error (*see, Butler v Butler*, 256 AD2d 1041, 1042, *lv denied* 93 NY2d 805).

Turning to the award of maintenance, Supreme Court noted the interim award of $100 weekly and defendant's request, both in her statement of net worth and in open court, that she sought an increase due to her health status, the loss of plaintiff's medical coverage and an inability to maintain the residence solely on her current income. With broad discretion vested in such court to determine both the amount of maintenance and its duration (*see, Spenello v Spenello*, 274 AD2d 822, 823; *Nielson v Nielson*, 259 AD2d 916, 917; *Culnan v Culnan*, 142 AD2d 805, 807, *lv dismissed* 73 NY2d 994), we can find no abuse of discretion. The determination to continue the award until defendant reaches age 65, as opposed to age 62 when she would be eligible for Social Security benefits, was based upon defendant's testimony that she would only receive half of her Social Security benefits between age 62 and 65 due to her simultaneous receipt of a monthly disability award (*see*, Domestic Relations Law § 236 [B] [6]; *Nielson v Nielson, supra*, at 917). With such testimony undisputed, there exists no discernable error.

As to Supreme Court's distribution of a portion of plaintiff's pension in accordance with the *Majauskas* formula (*see, Majauskas v Majauskas*, 61 NY2d 481), despite defendant's failure to sustain her burden of establishing its value (*cf., Culnan v Culnan, supra*, at 806), we have upheld similar awards where there existed no dispute that it was an asset subject to equitable distribution and the request was not for a lump-sum distribution (*see, Burgio v Burgio*, 278 AD2d 767, 769-770).

With defendant making a request for counsel fees prior to the entry of the final judgment, we conclude that Supreme Court did not err in granting her leave to make a future application for such fees (*see, Matter of Buono v Fantacone*, 252

AD2d 917, 918; *see also*, Domestic Relations Law § 237). Nor do we find merit in plaintiff's assertion that the court improperly permitted the introduction of photocopies at trial. With no controversy concerning the existence of plaintiff's pension or defendant's receipt of disability benefits, the disputed documents were properly admitted (*see, Schozer v William Penn Life Ins. Co.*, 84 NY2d 639, 643).

Crew III, J. P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.