■ ELINA GOUDREAU, Appellant, v MARC R. GOUDREAU, Respondent. [724 NYS2d 123] —Spain, J. Appeal from a judgment of the Supreme Court (Fromer, J.H.O.), ordering, *inter alia*, equitable distribution of the parties' marital property, entered October 8, 1999 in Ulster County, upon a decision of the court.

The parties were married in 1978 and have a daughter (born in 1980) and a son (born in 1982). Each of the parties were 41 years old at the time of the commencement of this action. Defendant has operated a contracting business from the marital residence since 1985. Until the birth of their oldest child, plaintiff worked as a data entry clerk, but thereafter remained at home to care for the children. From 1985 until at least 1996, plaintiff worked for the contracting business, without pay, as a secretary/bookkeeper. In July 1996, plaintiff returned to work as a clerk at a local hospital. She worked until October 1997 when she allegedly developed a work-related disability and began receiving approximately $54 a week in workers' compensation benefits, reflecting a partial disability. At the time of the trial she was contesting that award, seeking more benefits. Plaintiff went back to work in February 1998 but, according to her testimony, could work only two days as a result of her disability. Plaintiff has not worked outside the home or earned any income—except workers' compensation—since that time.

The record indicates that defendant's primary source of income is derived from his contracting business, and between the years 1996 and 1998 it fluctuated from a high of $29,713 in 1996 to a low of $21,782 in 1997. Income from defendant's business was the primary source of income for the parties

throughout their marriage, during which time they acquired three parcels of real property: their marital residence, a 58-acre lot on which defendant maintains a saw mill and stores logs and lumber, and a smaller, vacant lot. At the time of the trial, the marital residence was valued at approximately $150,000 and encumbered by a $78,000 mortgage. The 58-acre parcel was valued at approximately $150,000, the rough cut lumber and timber on that parcel at $19,750, and the small vacant lot at $15,000. The record reflects that the parties had received two loans from defendant's parents during their marriage with balances of $10,000 and $47,000.

Plaintiff commenced this action for divorce in April 1999 on the grounds of abandonment and cruel and inhuman treatment and sought, *inter alia*, a maintenance award and equitable distribution of marital property. The trial was held in September 1999 and, at its commencement, defendant agreed to a judgment of divorce in favor of plaintiff on the ground of cruel and inhuman treatment, provided that it would not be an admission of egregious fault with regard to equitable distribution. No evidence was submitted as to the value of defendant's business and no medical evidence was submitted regarding the extent of plaintiff's disability.

Supreme Court granted plaintiff a divorce, awarded her title to the marital residence, as encumbered by the mortgage, and ordered defendant to pay plaintiff a $30,000 distributive award in exchange for defendant's receipt of the assets of the contracting business which included plaintiff's interest in and title to the 58-acre parcel, the timber and lumber at that site and the small vacant lot. Supreme Court approximated defendant's income for purposes of determining maintenance and distributions at $30,000 and imputed $15,000 of income to plaintiff. Defendant was directed to assume both debts to his parents and—as agreed to by the parties—plaintiff was given physical custody of their son, both parents maintaining joint legal custody. Defendant was ordered to pay plaintiff $133 per week as child support. Supreme Court did not award spousal maintenance to either party. Plaintiff appeals.

Initially, we reject plaintiff's assertion that Supreme Court erred in distributing the marital property. She argues that defendant was allocated some $5,750 more in marital assets and that Supreme Court completely ignored the value of the contracting company as a going business. Plaintiff, as the party seeking an interest in the business, submitted no proof of its value or any articulation of what constituted business assets (*see, LaBarre v LaBarre*, 251 AD2d 1008; *Antoian v Antoian*,

215 AD2d 421, 422; *see also, Allen v Allen*, 263 AD2d 691, 691-692). Supreme Court determined that the business assets consisted of the 58-acre saw mill parcel, the timber and lumber on it and the small vacant lot, and awarded plaintiff $30,000 in exchange for the transfer of her interest in these items, a distribution which is wholly supported by the record. Plaintiff's assets—the marital residence, reduced by the balance of the mortgage, and the $30,000 distributive award—total $102,000 in value. The value of defendant's assets—the saw mill parcel, the small vacant lot and the lumber—while substantial, are offset by some $57,000 in debt owed to his parents and the distributive award owed to plaintiff. The value of defendant's assets—some $97,750—is less than that of plaintiff. Even if plaintiff's assertion that defendant received some $5,750 more were accurate, there is no requirement that the distribution of assets between the parties be equal; rather, it must be equitable (*see*, Domestic Relations Law § 236 [B] [5] [c]; *Arvantides v Arvantides*, 64 NY2d 1033, 1034; *Carlson-Subik v Subik*, 257 AD2d 859, 861-862). Considering the lack of any proof of business value and deferring to Supreme Court's credibility determinations, we conclude that the distribution is equitable (*see*, Domestic Relations Law § 236 [B] [5] [d] [1], [8], [13]).

We do find merit, however, in plaintiff's contention that Supreme Court erred by failing to provide a reasoned analysis of its decision to not award her maintenance, as required by Domestic Relations Law § 236 (B) (6) (b) (*see, Allen v Allen, supra*, at 692; *Maczek v Maczek*, 248 AD2d 835, 837-838; *cf., Nielson v Nielson*, 259 AD2d 916, 917). While Supreme Court was not necessarily required "to articulate * * * its analysis of each of the factors enumerated in Domestic Relations Law § 236 (B) (6) (a)" (*Nielson v Nielson, supra*, at 917), there is no indication from its findings of fact or conclusions of law that Supreme Court considered any of them in its decision to deny maintenance (*cf., Anglin v Anglin*, 148 AD2d 833, 834).

Indeed, our review of the record suggests that a maintenance award may be appropriate. Plaintiff has no savings, retirement funds or investments. Her sole source of income aside from the distributive award is approximately $54 per week in workers' compensation disability benefits. It thus appears that the loss of support from defendant has directly impacted her "ability to be self-supporting at a level approaching her predivorce standard of living" (*Allen v Allen, supra*, at 693). The fact that Supreme Court imputed $15,000 in annual income to plaintiff is also troublesome. While Supreme Court has considerable discretion to impute income to a party "based

upon prior employment experience and the earning capacity reflected by her educational background" (*Matter of Bosshold v Bryant-Bosshold*, 243 AD2d 857, 858; *see, Matter of Mancini v Borowicz*, 271 AD2d 789, 792; *Ulmer v Ulmer*, 254 AD2d 541, 544), the amount imputed by Supreme Court is not supported in the record, which reflects that plaintiff has no formal education or job training beyond high school and that, while she may be able to make $15,000 earning the wages she received from her most recent job, Supreme Court did not consider her documented partial disability or provide any factual basis for its calculation.

On the other hand, we are mindful that this is not a case where plaintiff has proven that she is incapable of becoming self-sufficient (*see, Donnelly v Donnelly*, 144 AD2d 797, 798-799, *appeal dismissed* 73 NY2d 992) and while the Workers' Compensation Board has recognized that plaintiff has a partial disability which—she alleges—prevents her from working, plaintiff did not present any medical evidence. Thus, inasmuch as neither Supreme Court's findings nor the record provide an adequate basis for intelligent appellate review (*see, Woertler v Woertler*, 110 AD2d 947, 949), we will remit this matter to Supreme Court for a new trial on the issue of maintenance.

Cardona, P. J., Mercure, Crew III and Mugglin, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as denied maintenance to plaintiff; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.