LUCILLE OWENS, Respondent, v KENTON R. OWENS, Appellant. [734 NYS2d 646] —Mercure, J. P. Appeal from a judgment of the Supreme Court (Relihan, Jr., J.) ordering, *inter alia*, equitable distribution of the parties' marital property, entered December 29, 1999 in Tioga County, upon a decision of the court.

The parties were married in 1971 and separated in 1996. They have no children. Plaintiff commenced this action for a divorce in 1998 and the parties stipulated to the entry of a judgment of divorce in favor of plaintiff and an essentially equal division of their real property, tangible personal property, bank accounts and investments. The parties sought Supreme Court's determination of the disputed issues of, as here relevant, defendant's obligation to pay plaintiff maintenance and provide her with postdivorce health insurance benefits and the equitable distribution of defendant's Federal pension. Based upon the parties' 28-year marriage and disparate earnings capacity—plaintiff earned $18,500 as parts manager at an automobile dealership and defendant earned over $70,000 as an accountant for a Federal agency—Supreme

Court equally distributed defendant's pension under the formula established in *Majauskas v Majauskas* (61 NY2d 481), awarded plaintiff durational maintenance of $250 per week for approximately seven years, and required defendant to elect health insurance coverage for plaintiff under COBRA, which entitled her to continued coverage under his health insurance plan for 36 months after entry of the judgment of divorce. Defendant appeals.

We affirm. Initially, we are not persuaded that Supreme Court abused its discretion in refusing to factor into its *Majauskas* analysis that defendant, as a Federal pensioner, would not be entitled to receive Social Security benefits, whereas plaintiff would be entitled to receive such benefits. In its written decision, Supreme Court expressly recognized that defendant would not be entitled to receive Social Security benefits and indicated that the resulting disparity would be taken into account in its award of maintenance. In view of the interrelationship between awards of maintenance and awards of equitable distribution (*see,* Domestic Relations Law § 236 [B] [5] [d] [5]; [6] [a] [1]), and Supreme Court's substantial discretion in determining what distribution of marital property will be equitable under all the circumstances (*see, Arvantides v Arvantides,* 64 NY2d 1033, 1034; *Carlson-Subik v Subik,* 257 AD2d 859, 861-862), we perceive no error.

We are similarly unpersuaded that Supreme Court abused its substantial discretion to establish the amount and duration of maintenance (*see, Pratt v Pratt,* 282 AD2d 941, 943). In his analysis, defendant focuses solely upon the difference between plaintiff's means and the needs she alleged in her statutory net worth statement. In fact, in establishing the amount and duration of maintenance, the court is required to consider a number of other factors, including the parties' predivorce standard of living and the present and future earning capacity of both parties (*see,* Domestic Relations Law § 236 [B] [6] [a]; *Moschetti v Moschetti,* 277 AD2d 838; *Spenello v Spenello,* 274 AD2d 822, 823). Given the length of the parties' marriage and their respective means and earning capabilities, Supreme Court's award is by no means excessive. In fact, in his statement of proposed disposition, defendant asserted that plaintiff should receive maintenance of $200 per week for a period of five years, a level that was not greatly exceeded by Supreme Court's award. Further, based upon our consideration of the same statutory factors, we are not persuaded that Supreme Court abused its discretion in providing for postdivorce health insurance coverage for plaintiff.

Finally, although a court's written decision will control in the event of a conflict with the order or judgment subsequently entered upon it (*see, Madison III Assocs. Ltd. Partnership v Brock*, 258 AD2d 355; *Di Prospero v Ford Motor Co.*, 105 AD2d 479, 480), because we do not read Supreme Court's judgment as requiring defendant to select a pension payment option providing plaintiff with full surviving spouse annuity protection, we perceive no such conflict here.

Peters, Spain, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.