■ THOMAS CHIOTTI, Respondent-Appellant, v SUSAN CHIOTTI, Appellant-Respondent. [785 NYS2d 157]—

Mugglin, J. Cross appeals from a judgment of the Supreme

Court (Relihan, Jr., J.), entered January 29, 2004 in Tompkins County, ordering, inter alia, equitable distribution of the parties' marital property, upon a decision of the court.

The parties to this action were married for approximately 28 years when plaintiff commenced this action for divorce in May 2002. After the parties stipulated to a divorce, a bench trial was held to resolve issues of equitable distribution and child support for the remaining unemancipated child. On this appeal, defendant claims that Supreme Court failed to properly classify as separate property certain accounts titled in her name alone, failed to properly distribute the parties' respective pensions, failed to equitably divide responsibility for the payment of the child's college expenses, miscalculated child support, failed to require plaintiff to provide life insurance to protect child support payments, and failed to require plaintiff to contribute to the payment of marital obligations which defendant had paid during the pendency of the action. Plaintiff cross-appeals, contending that Supreme Court misclassified an account in his name alone as a marital asset and erred in failing to credit plaintiff's college tuition payment against his child support obligation.

Initially, "[i]t is well settled that property acquired by one spouse as a gift or by inheritance during a marriage and retained separately is not marital property" (*Allen v Allen*, 263 AD2d 691, 692 [1999]; *see Strang v Strang*, 222 AD2d 975, 976-977 [1995]). However, separate property which is commingled with marital property or is subsequently titled in the joint names of the spouses is presumed to be marital property (*see Rosenkranse v Rosenkranse*, 290 AD2d 685, 686 [2002]). Applying these rules, we find that all accounts titled in defendant's name should have been classified as her separate property. The undisputed evidence is that the source of each of these accounts was either a gift from her father or an inheritance. Further, there is no evidence that these funds were either commingled with marital property or placed in the joint names of the parties. Defendant's inability to produce a complete paper trail from gift or inheritance to trial does not require a contrary finding, particularly as there is no evidence suggesting other possible sources of the accounts and plaintiff failed to proffer any evidence which would contradict defendant's testimony in this regard (*see Zanger v Zanger*, 1 AD3d 865, 866-867 [2003]; *Allen v Allen, supra* at 692; *cf. Cassara v Cassara*, 1 AD3d 817, 819 [2003]). On the other hand, plaintiff admitted that marital funds had been commingled with his originally separate Vanguard Mutual Healthcare Fund. This fund then became a marital asset subject to eq-

uitable distribution. Once converted, the property does not resume its status as separate property, even if all the marital funds are removed from the account (*see Judson v Judson,* 255 AD2d 656, 657 [1998]).

Next, we find no reason to disturb Supreme Court's decision with respect to the parties' pensions. Distribution of pensions must be equitable after the consideration of numerous factors, including the parties' incomes and property acquired during the marriage, the length of the marriage, their ages and health status, and tax consequences (*see King v King,* 258 AD2d 717, 718-719 [1999]). Although Supreme Court may have been motivated to make its distribution by simplicity, not a pertinent factor, our review of the record suggests that consideration of the appropriate factors supports the distribution, particularly in view of the respective separate property holdings (*see Munson v Munson,* 250 AD2d 1004 [1998]) and the continued employment of defendant and the retirement of plaintiff (*see Butler v Butler,* 256 AD2d 1041, 1045 [1998], *lv denied* 93 NY2d 805 [1999]).

Defendant challenges the child support award contending that plaintiff's retirement from the work force was voluntary, designed simply to limit his responsibility to the child. In view of plaintiff's undisputed health problems and the early retirement incentive package afforded by plaintiff's employer, we find no abuse of discretion in Supreme Court's calculation of child support based on plaintiff's present retirement income (*cf. Fendsack v Fendsack,* 290 AD2d 682, 683 [2002]). Further, given the short duration of child support and the absence of any specific request by defendant for a protective life insurance policy in her proposed statement of disposition, we find that this argument lacks merit (*see Holterman v Holterman,* 307 AD2d 442, 442-443 [2003], *affd* 3 NY3d 1 [2004]).

Next, we have examined the parties' complaints concerning the division of the child's college expenses and Supreme Court's refusal to grant plaintiff a credit for tuition payments against his child support obligation and find no abuse of discretion on Supreme Court's part. These expenses were fairly divided between the parties, especially in view of the award of full child support (*see Houck v Houck,* 246 AD2d 905, 906 [1998]; *Paro v Paro,* 215 AD2d 965, 965-966 [1995]).

Last, we do find merit in defendant's contention that Supreme Court erred in failing to credit her for expenditures on joint obligations during the pendency of the divorce action (*see King v King, supra* at 718). Defendant paid joint expenses which included $1,673 for a credit card bill, $26 for a satellite television bill, $95 for a phone bill, $1,359 for a car insurance bill,

and $2,468 in home repairs. In addition, plaintiff withdrew $10,000 from a joint account to pay his attorney in this action. Defendant is entitled to credit for 50% of these sums. Conversely, plaintiff's claim that he is entitled to a similar credit for $6,300 that defendant withdrew from a joint account is without merit, since defendant used this money to pay for the child's college expenses (*see Spenello v Spenello,* 274 AD2d 822, 825 [2000]; *Maczek v Maczek,* 248 AD2d 835, 837 [1998]).

Spain, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as classified accounts held in defendant's sole name as marital, declined to credit defendant for expenditures on joint obligations incurred during the pendency of the action and declined to credit defendant for plaintiff's withdrawal from a joint account for counsel fees; direct said accounts held in defendant's sole name be classified as separate property, credit defendant for 50% of expenditures on certain specified joint obligations and credit defendant $5,000 withdrawn by plaintiff for his counsel fees; and, as so modified, affirmed.