■ CAROLE A. NORTHWAY, Respondent, v C. GREG NORTHWAY, SR., Appellant. [894 NYS2d 808]—

Appeal from a judgment of the Supreme Court, Erie County (John F. O'Donnell, J.), entered December 8, 2008 in a divorce action. The judgment, insofar as appealed from, directed defendant to pay plaintiff maintenance.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by providing that maintenance shall commence from the date of the judgment and as modified the judgment is affirmed without costs.

Memorandum: Defendant husband appeals from a judgment of divorce entered upon a referee's report. Contrary to defendant's contention, we conclude that Supreme Court adequately "set forth the factors it considered and the reasons for its decision" in awarding maintenance to plaintiff wife (Domestic Relations Law § 236 [B] [6] [b]; *see Fraley v Fraley*, 235 AD2d 997 [1997]; *see generally Butler v Butler*, 256 AD2d 1041, 1042 [1998], *lv denied* 93 NY2d 805 [1999]). The record establishes that the court properly evaluated plaintiff's reasonable needs and defendant's ability to provide for those needs in determining the amount of maintenance (*see generally Boughton v Boughton*, 239 AD2d 935 [1997]) and that, in evaluating the

ability of defendant to pay that amount, the court properly considered the increase in his income subsequent to the commencement of the action (*see Haines v Haines*, 44 AD3d 901, 902 [2007]). With respect to the duration of maintenance, the court properly exercised its discretion in awarding maintenance until the earlier of the death of a party, plaintiff's remarriage or 2013, the year in which plaintiff becomes eligible for full Social Security benefits (*see Penna v Penna*, 29 AD3d 970, 971-972 [2006]; *Taylor v Taylor*, 300 AD2d 298, 299 [2002]). We agree with defendant, however, that the court abused its discretion in ordering that the award of maintenance was retroactive to the date of the commencement of the action. Plaintiff never requested pendente relief, and defendant adequately provided for her needs during the pendency of the action pursuant to an agreement between the parties. "Under these circumstances, it does not appear that the parties contemplated a retroactive award of maintenance" (*Grumet v Grumet*, 37 AD3d 534, 536 [2007], *lv denied* 9 NY3d 818 [2008]; *see Lobotsky v Lobotsky*, 122 AD2d 253, 255 [1986]). We therefore modify the judgment accordingly. Present—Smith, J.P., Centra, Fahey, Green and Pine, JJ.